57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel L. PRINGLE, Defendant-Appellant.
 No. 94-3308.
 United States Court of Appeals, Seventh Circuit.
 Argued April 5, 1995.
Decided June 8, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 At approximately 4:30 p.m. on September 22, 1993, a fire broke out in a building owned by the defendant at 104 Great Western Avenue in Tolono, Illinois. The building, which housed defendant's three auto-related businesses, was filled with used auto parts. When police and fire officials arrived, all entrances to the building were locked. Fire investigators later determined that the fire had been started in at least five different locations within the building. All of the receipts for inventory in the building were consumed at one of the points of origin.
 
 
 2
 Defendant told investigators that he and his wife left the building at approximately 4:30 or 4:35 p.m. and that he was the last to leave. During their conversation, investigators noticed burn marks on defendant's arms. Twelve days before the fire, defendant had the building and its contents insured for $320,000. Because of the short time between the issuance of the policy and the fire, the insurance company was not able to verify the defendant's representations as to the value of the building's contents.
 
 
 3
 Defendant was indicted for destroying by means of fire a building affecting interstate commerce in violation of 18 U.S.C. Sec. 844(i), two counts of mail fraud in violation of 18 U.S.C. Sec. 1341, and one count of using fire to commit a federal felony in violation of 18 U.S.C. 844(h)(1). A jury convicted him on all four counts and the defendant was sentenced to 93 months of incarceration and three years of supervised release.
 
 
 4
 During the trial the court allowed the government to present evidence, under Fed.R.Evid. 404(b), of a fire in the same building in 1980 for which defendant collected more than $350,000 in insurance. The cause of the earlier fire was never officially determined but the arson investigator testified at the current trial that he believed it was suspicious. Defendant was the last person to leave the building before the earlier fire and had removed a coin collection from the building just prior thereto. Defendant had also increased the insurance coverage on the building one month prior to the earlier fire.
 
 
 5
 The trial court excluded as hearsay testimony by a newspaper reporter that an unknown fireman had told him that a burning truck inside the building contained fire arms and ammunition. This testimony could have supported defendant's theory that burglars started the second fire to cover their tracks after they stole a large cache of assault rifles which were stored in the burned truck.
 
 Discussion
 
 6
 On appeal, the defendant challenges the above two evidentiary rulings and the government's use of the Rule 404(b) evidence in its closing argument. We apply the abuse of discretion standard with "special deference to the evidentiary rulings of the trial court." United States v. York, 933 F.2d 1343, 1348 (7th Cir.1991).
 
 
 7
 Prior bad act evidence is admissible under Rule 404(b) if (1) it is directed to a matter other than the defendant's propensity to commit the crime; (2) the evidence was sufficient to support a jury finding that the defendant committed the prior act; (3) the other act is similar enough and close enough in time to be relevant to the matter in issue; (4) the probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Emenogha, 1 F.3d 473, 478 (7th Cir.1993), certiorari denied, 114 S.Ct. 901.
 
 
 8
 The evidence of the earlier fire was admitted to establish defendant's intent to commit arson and insurance fraud. If defendant had committed arson and insurance fraud in the past, the theory goes, it is more likely that the second fire was also started intentionally to recover on the insurance and was not an accident. Evidence of past fraud is routinely admitted to prove present intent to defraud. York, 933 F.2d at 1350 (collecting cases). The evidence was thus admitted for a proper purpose.
 
 
 9
 Defendant's real quarrel is over the application of the last three prongs of the Rule 404(b) test. Defendant contends that the evidence was insufficient to establish that he started the previous fire. Defendant faces a heavy burden. He must establish that no reasonable jury considering all the evidence could find by a mere preponderance that he did start the earlier fire. York, at 1352. Following Huddleston v. United States, 485 U.S. 681, the jury can consider the evidence linking defendant to the second fire in determining whether he started the first. Given this rather minimal standard, the evidence that defendant started the first fire--including the testimony by the arson inspector that the cause was suspicious, defendant's removal of the coin collection and the increase in the insurance coverage--coupled with the ample evidence that defendant started the second fire was sufficient to support a jury finding.
 
 
 10
 Since the similarity between the two fires can hardly be disputed, defendant argues that the first fire has little probative value with respect to his intent in relation to the second fire because of the gap of nearly fourteen years. He argues that the passage of time "opens up the possibility of a witness having a clouded recollection of the events which can lead to skewed testimony" (Br. 12). Defendant's argument misses the mark. The jury can and did assess the credibility of witnesses in light of the passage of time, and we have already concluded that the evidence was sufficient to support a finding that defendant committed the earlier act. The issue under the third prong is whether the fourteen-year gap severs any probative connection between the two alleged arsons. It would do so if the only explanation for the arson-free fourteen years was that defendant had turned over a new leaf, but that is clearly not the only explanation. Arson is not always economically advantageous, and the circumstances to make it so may not have coalesced in the intervening fourteen years, particularly if one considers the greater risk of getting caught (evident in the present case) if one repeats oneself. The fourteen-year gap, therefore, does not negate the inference that defendant's intent to commit arson and fraud carried over to the second fire.
 
 
 11
 Finally defendant argues that the danger of unfair prejudice outweighs the probative value of the evidence concerning the earlier fire. We accord great deference to the district judge's decision to admit or exclude evidence under Rule 403. York, 933 F.2d at 1352. The potential unfair prejudice engendered by the evidence of defendant's potential role in the earlier fire is minute compared to that faced by the defendant in York, where this Court upheld the admission of evidence that defendant had previously killed his wife to collect insurance. In the present case Judge Baker carefully balanced the probative value and prejudicial effect of the evidence and gave proper limiting instructions to the jury. He did not abuse his discretion.
 
 
 12
 Defendant objects to the prosecutor's statement in closing argument, "We know he had the intent to defraud at this time because he did it before." The prosecutor had earlier stated, "I submit and you can only use this evidence for his intent to defraud--he did it once before." The "it" in both statements clearly refers to the alleged prior fraud. The prosecutor therefore is not making an improper argument, but merely pressing the inference, allowed under Rule 404(b), that defendant's prior fraud makes it more likely that he had the intent to defraud at the time of the second fire.
 
 
 13
 Defendant claims that the district court abused its discretion in ruling that the hearsay statement from the unknown fireman to the newspaper reporter was inadmissable. Defendant contends that the statement was admissible under Rule 804(b)(5)'s residual hearsay exception. The district court did not abuse its discretion. Defendant has failed to establish "equivalent circumstantial guarantees of trustworthiness" to those offered by various specific hearsay exceptions. Moreover, if the statement is true and the firemen recovered and removed weapons from the burning truck, the defendant could have "procure[d] through reasonable efforts" more probative evidence of that fact than anonymous hearsay. Fed.R.Evid. 804(b)(5)(B).
 
 AFFIRMED